IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE L. JONES,<br>　　　　　Petitioner<br><br>　　　v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br>et al.,<br>　　　　　Respondents. | )<br>)<br>)<br>)　C.A. No. 07-116 Erie<br>)<br>)<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

　　　It is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

**II      REPORT**

　　　On May 16, 2007, the Clerk of Courts received a Petition for Writ of *Habeas Corpus* from Petitioner Valerie L. Jones, an inmate at the State Correctional Institution at Cambridge Springs, Pennsylvania; however, Petitioner did not pay the filing fee or file a motion to proceed *in forma pauperis*. Thus, by Order of this Court dated June 14, 2007, Petitioner was directed to pay the filing fee of $5.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement before July 2, 2007, or suffer dismissal of this case for failure to prosecute. To date, the filing fee remains unpaid and Petitioner has failed to file a motion to proceed *in forma pauperis*.

　　　The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has failed to comply with an order of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: September 7, 2007

cc:    The Honorable Sean J. McLaughlin
       United States District Judge